```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

R.T. CASEY, INC.                                CIVIL ACTION

VERSUS                                          NO: 11-2794

CORDOVA TELEPHONE                               SECTION: R(5)
COOPERATIVE, INC., ET AL.

## ORDER AND REASONS

Plaintiffs and defendants jointly move the Court to transfer venue to the United States District Court for the District of Alaska pursuant to 28 U.S.C. § 1404(a).[1] Because the Court finds that venue is proper in the transferee district and that it is in the interest of justice to transfer, the parties' motion is GRANTED.

## I.   BACKGROUND

This dispute arises out of an agreement to furnish and install undersea optical fiber cable (the "Project") among R.T. Casey, Inc., a Louisiana corporation, Cordova Telephone Cooperative, Inc.("CTC"), an Alaska corporation, and Mid-State Consultants, Inc., a Utah corporation with an office in Anchorage, Alaska.[2] On August 3, 2010, CTC retained Mid-State to

---

[1] R. Doc. 23.

[2] R. Doc. 20-3.

provide telephone engineering services for the Project.[3]  After being retained, Mid-State performed much of its duties related to the cable installation in Alaska.[4]

On January 27, 2011, CTC and Casey entered into a "Contract to Supply and Install Undersea Optical Fiber Cable."[5]  The contract contained a choice-of-law provision, stating that it "shall be construed and governed in accordance with the laws of the State of Alaska, USA, excluding its conflicts of law provisions and excluding the U.N. Convention for the International Sale of Goods."[6]  The contract negotiations occurred in Alaska and Utah; no meetings were conducted in Louisiana.[7]  Under the contract, Casey was responsible for the installation and verification of the Cable, including the burial of six miles of cable in Alaska.[8]

Casey alleges that it performed its duties under the contract, but that Mid-State and CTC have refused final payment

---

[3]   R. Doc. 20-1, Affidavit of Michael A. Riley.

[4]   *Id.*

[5]   R. Doc. 20-3.

[6]   *Id.* at 29.

[7]   R. Doc. 20-1 at 3.

[8]   *Id.* at 4.

2

to Casey and refused to pay the retention due to Casey.  Casey filed suit against CTC and Mid-State on November 10, 2011 in this Court, and contends that CTC and Mid-State owe damages to Casey totaling $1,142,549.69, plus interest, attorney's fees, costs, and punitive damages.[9]  Mid-State filed a motion to dismiss for improper venue, or in the alternative to transfer venue to the United States District Court for the District of Alaska on December 27, 2011.[10]  On February 13, 2012, Casey, CTC and Mid-State filed a joint motion to transfer venue to the District of Alaska pursuant to 28 U.S.C. 1404(a).[11]

**II.  STANDARD**

A district court may transfer an action to any other district where the plaintiff could have filed suit "for the convenience of the parties and the witnesses" when such a transfer is "in the interest of justice."  28 U.S.C. § 1404(a).  Although plaintiffs' choice of forum is important, it is not determinative. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008)(*In re Volkswagen II*)(explaining that

---

[9]   R. Doc. 1 at 11.

[10]  R. Doc. 20 (originally docketed as R. Doc. 15).

[11]  R. Doc. 23.

under Section 1404(a) the plaintiff's choice of forum is to be considered, but also noting that "the statute requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'") (citing *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983)).  The defendant moving to transfer venue must first demonstrate that the plaintiff could have brought the action in the transferee court initially.  *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("[t]he power of a District Court under section 1404(a) to transfer an action to another district is made to depend . . . upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*)("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").  The defendant must then show "good cause" for transfer.  *In re Volkswagen II*, 545 F.3d at 315 (explaining that the "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled); *see also* 28 U.S.C. § 1404(a).  To show good cause, a defendant must satisfy the statutory requirements and clearly demonstrate that the transferee venue is more convenient for the parties and

4

witnesses.  *Id*.

In deciding a transfer motion, the district court must consider the private and public interest factors enunciated in *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508 (1947).  *See In re Volkswagen II*, 545 F.3d at 315.  The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive.  *In re Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interest decided at home; (3) the familiarity of the forum with the law that will govern the case; (4) the avoidance of unnecessary problems of conflict of laws or application of foreign law.  *Id.*  These *Gilbert* factors "are appropriate for most transfer cases, [but] they are not necessarily exhaustive or exclusive."  *Id.*  Nor is any one factor dispositive.  *Id.*  One of the most important factors in the Section 1404(a) analysis is the inconvenience for non-party, non-expert, non-resident witnesses.  *See Hills v. Brinks, Inc.*, 2008

5

WL 243944, at *5 (E.D. La. Jan. 25, 2008) (explaining that the availability of witnesses and the convenience of the venue for witnesses are important factors the court should consider when deciding whether to grant a transfer under Section 1404(a)). The preferred method of proof of the burden on witnesses is through the submission of affidavits, although affidavits are not required. *See In re Volkswagen II*, 545 F.3d at 317, n.12 (explaining that affidavits are not required to demonstrate inconvenience).

### III. DISCUSSION

#### A. Jurisdiction

The Court must first determine whether Casey could have sued CTC and Mid-State in the District of Alaska. It is undisputed that federal jurisdiction is based on diversity of citizenship. Accordingly, the Court determines venue under 28 U.S.C. § 1391(a). In relevant part, Section 1391(a) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In an action for breach of contract, venue is proper at the "place of performance." *Am. Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981).

6

Here, the parties do not dispute that the suit could have been filed in the District of Alaska.  Casey's installation proposal stated that its purpose was "to provide Cordova Telephone . . . with a complete 'TURN-KEY' price for the installation of a 154 km fiber optic link between [its] provided vaults in Cordova and Valdez, Alaska."[12]  The contract stipulates that Casey "shall be solely responsible for the final design of and for all details of the Wet Plant," located in Alaska.[13]  Moreover, the contract states that "[b]urial of the cable is to be at the discretion of R.T. Casey, Inc. and for not more than 5 km either end of the wet plant."[14]  Further, Mid-State submits the affidavit of Michael Riley, a Project Manager for Mid-State, which establishes that the administration of the contract occurred predominantly in Alaska and Casey's alleged breach occurred in Valdez, Alaska.[15]  For these reasons, the Court finds that a substantial part of the events giving rise to the claim occurred in the District of Alaska and that venue is proper there.

---

[12]   R. Doc. 20-3 at 2.

[13]   R. Doc. 20-3 at 26.

[14]   *Id.* at 32.

[15]   *Id.* at 3-4.

**B.   Private and Public Interest Factors**

*Relative Ease of Access to Sources of Proof*

Despite the decreased significance of this factor in light of electronic transfers of information, *RLI Ins. Co. v. Allstate Mut. Ins. Co.*, No. 3:07-CV-1256-M, 2008 WL 2201976, at *2 (N.D. Tex. May 28, 2008), the relative ease of access to sources of proof is still a factor to consider in resolving a transfer motion. *See Volkswagon II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). Mid-State asserts that "Alaska is the place where the relevant physical evidence and a vast majority of the documents are located."[16] Not only are documents and records maintained by non-party witnesses located in Alaska, but the cable itself remains in Alaska. *See Volkswagon II*, 545 F.3d at 316 (location of documents and physical evidence relating to an accident weigh in favor of transferring venue). The Court finds that this factor weighs in favor of transfer.

*Availability of Compulsory Process and Cost of Attendance of Willing Witnesses*

---

[16]   R. Doc. 15-1 at 20.

As noted, courts recognize the availability and convenience of witnesses as an important factor in a Section 1404(a) analysis. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) ("One important factor in a § 1404(a) calculus is the convenience of the witnesses."); *Employers Mutual Casing Co. v. Bartile roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010)("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."); *Alexander v. Wackenhut Corp.*, 2007 WL 1728701, at *2 (E.D. La. 2007)("The two most important considerations on the issue of venue under 28 U.S.C. § 1404(a) are the parties' access to witnesses and their access to other sources of proof."). Federal Rule of Civil Procedure 45(b)(2) gives the district court power to subpoena any witness within 100 miles of the trial, deposition or hearing. When the distance of a venue is more than 100 miles from the location of the witnesses, the inconvenience to the witnesses increases in direct proportion to the distance to be traveled. *Volkswagon I*, 371 F.3d at 204-05.

Here, the Court recognizes that New Orleans is more than 100 miles from the District of Alaska. Mid-State submits Michael Riley's affidavit, which identifies seventeen non-party witnesses, their locations, and the testimony they will

9

provide.[17]  Of the seventeen witnesses, fourteen reside in Alaska, one in Seattle, Washington, one in Kailua, Hawaii, and one in Oregon City, Oregon.[18]  None of the non-party witnesses resides in Louisiana.  Riley also identifies ten party witnesses, five of whom reside in Alaska, two of whom reside in Utah but frequently work in Alaska, one of whom resides in Utah, and two of whom reside in New Orleans, Louisiana.  Thus, the vast majority of all of the witnesses resides in Alaska, while only two party witnesses reside in the Eastern District of Louisiana.  The Court finds that Mid-State has carried its burden of showing that the convenience to witnesses counsels in favor of transferring to the District of Alaska.  *See Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364-JRG, 2012 WL 506669, at *5 (E.D. Tex. Feb. 15, 2012) ("the number of witnesses residing in Texas, and any relevant information which they may provide, pales in comparison to the number of party and non-party witnesses with relevant information residing in Northern California," which weighs in favor of transfer).

---

[17]    R. Doc. 20-1.

[18]    R. Doc. 15-1 at 16-19; R. Doc. 20-1 at 7-8.

*Other Practical Problems*

All parties request transfer to the District of Alaska. Accordingly, the Court finds that none of the parties would be inconvenienced by such a transfer.  This factor weighs in favor of transfer.

**C.   Public Interest Factors**

*Administrative Convenience*

The parties do not suggest that this case presents any particular administrative difficulties or threatens to clog any court's docket.  The Court finds this factor to be neutral.

*Local Interest*

It is well-established that the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest.  See *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981).  The Fifth Circuit has noted that when the underlying facts of a case are overwhelmingly tied to one locale, then the place of the alleged wrong is a factor that properly can be considered within the local interest analysis. *In re Volkswagon*, 506 F.3d 376, 387 n.7 (5th Cir. 2007),

11

*overturned on other grounds*, 545 F.3d at 304.  Here, the performance of the contract occurred primarily in Alaska.  Although CTC is an Alaska corporation and Mid-State is a Utah corporation, Mid-State's representative avers that Mid-State frequently works in Alaska.  Moreover, the Court finds that Alaska courts have a local interest in adjudicating disputes over the installation of utilities in Alaska.  Given these considerations, this factor weighs in favor of transfer.

*Forum Familiarity and Conflicts of Law Problems*

There is no indication that this case raises any conflicts of law issues.  The contract between Casey and CTC specifies that it "shall be construed and governed in accordance with the laws of the State of Alaska."[19]  Because this is a diversity case in which local law, as opposed to federal law, will be applied, the Court finds that the District Court of Alaska will have more familiarity with the law on contracts and punitive damages that will be applied in this case.  Accordingly, this factor weighs in favor of transfer.

**IV.   CONCLUSION**

---

[19]   R. Doc. 20-3 at 29.

12

Considering all of the Section 1404(a) factors, and that plaintiff joined this motion, the Court finds that the proposed transferee district is more convenient than this forum. For the foregoing reasons, the Court GRANTS the parties' joint motion to transfer venue.

New Orleans, Louisiana, this 9th day of April, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE